The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner, Jr. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modification of Findings of Fact 3, 9, 12 and 15 and Conclusions of Law 2 and 3.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Employer-Employee relationship existed between the Plaintiff and the Defendant-Employer.
3. The Planet Insurance Company ( Alexsis, Inc.) was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $413.73, which yields a compensation rate of $275.83 per week.
5. Plaintiff suffered an injury by accident on December 25, 1992, resulting in an injury to the back.
6. The Defendant-Employer admitted liability and the parties entered into a Form 21 and a Form 26 agreement.
7. The issue to be determined by the Commission is whether Plaintiff is able to return to gainful employment.
* * * * * * * * * * *
The Full Commission adopts the findings of fact of Deputy Commissioner Garner as follows:
FINDINGS OF FACT
1. Plaintiff was employed by the Defendant-Employer as a flight attendant. On December 25, 1995, Plaintiff incurred an injury by accident when she struck her lower left back and hip on a galley wall during turbulence. A Form 21 for disability beginning on January 7, 1993 was approved by the Industrial Commission on May 12, 1993. Pursuant to the Form 21 Agreement Defendants agreed to compensate the Plaintiff for her December 25, 1992 back strain at a weekly rate of $275.83.
2. On January 12, 1993, the Plaintiff was referred to Dr. David Humphries at Oweida Sports Medicine and Orthopaedic Center. Dr. Humphries diagnosed her with a low back strain and recommended physical therapy. The Plaintiff was released to return to work by Dr. Humphries on April 1, 1993, on a fifty hour per month schedule.
3. On April 13, 1994, the Plaintiff returned to Dr. Humphries complaining of pain down her left leg; however, physical examination was inconsistent with this complaint. Dr. Humphries advised the Plaintiff to resume physical therapy and excused her from work. Thereafter, the Plaintiff made no further attempts to return to work.
4. On April 22, 1993, Dr. Humphries noted that the Plaintiff was pregnant. On May 4, 1993, Dr. Humphries discontinued the Plaintiff's therapy, as she reported no further benefit. Due to the Plaintiff's pregnancy, Dr. Humphries was unable to conduct further medical testing or treatment.
5. On May 13, 1993, Dr. Humphries advised that a functional capacity evaluation (FCE) be obtained to determine whether the Plaintiff was able to return to work. On June 1, 1993, Dr. Humphries noted that during her FCE, the Plaintiff was reported as exhibiting both symptom magnification and submaximal effort. Dr. Humphries concluded that during her pregnancy and without further rehabilitation, the Plaintiff would not be "particularly useful in her regular work place."
6. The Plaintiff delivered her baby on October 19, 1993. After a normal MRI, the Plaintiff returned to see Dr. Humphries on December 21, 1993. Dr. Humphries examined the Plaintiff and recommended that she complete a work hardening program.
7. On January 4, 1994, plaintiff's FCE showed submaximal effort with symptom magnification again. Dr. Humphries assigned the Plaintiff a disability rating five percent to her back, representing her functional loss. On January 4, 1994, Dr Humphries signed a medical report stating that the Plaintiff was "not fit to function as stewardess in the foreseeable future." Dr. Humphries clarified the meaning of his note by stating "she was not fit to work because she said she would not go back to work." Dr. Humphries stated that he felt that she was fit to work.
8. On January 10, 1994, after viewing a video tape showing the Plaintiff bending and rapidly carrying her baby across a parking lot in a carrier using only one arm, Dr. Humphries released Plaintiff to return to work, starting at 30 hours a month, with no other restrictions. However, the Plaintiff did not return to work.
9. On April 20, 1994, Dr. Humphries again evaluated the Plaintiff regarding her ability to work and on that date released Plaintiff to return to work, removed the 30 hour restriction and released plaintiff to return to see him only as necessary.
10. Plaintiff was examined by Dr. Anthony Wheeler June, 1994. He diagnosed the Plaintiff with chronic lumbar discogenic syndrome, based on the Plaintiff's history and physical examination.
11. On July 15, 1994, the Plaintiff was referred by Dr. Wheeler of HealthSouth for physical therapy. At a functional capacity evaluation conducted by HealthSouth on September 8, 1994, the Plaintiff was noted as demonstrating exaggerated pain behavior throughout the evaluation. The final assessment was that the Plaintiff was self-limiting.
12. Dr. Wheeler met with the Plaintiff on September 12, 1994, to discuss the results of her FCE. During deposition, he noted that "there were several findings that they reported that were inconsistent in terms of her demonstration of behavior and more likely to indicate symptom magnification or inappropriate behaviors during the testing.
13. Based on the results of her FCE, Dr. Wheeler returned the Plaintiff to work on September 14, 1994, at eight hours a day. While he noted that she did not currently meet the physical requirements to return to the position of flight attendant, this opinion is not given as much weight as Dr. Humphries' opinion.
14. A Form 24 was approved by the Commission on June 28, 1994, whereby the Plaintiff's benefits were terminated due to her failure to return to work. Plaintiff did not return to work, electing rather to take unpaid medical leave. Upon expiration of her unpaid medical leave time, the Plaintiff took her accumulated paid sick leave. In October 1994, the Plaintiff began receiving long term disability benefits which benefit is provided by the employer at no cost to the employee.
15. Plaintiff has not made any attempt to return to any type of employment although she has been released by Dr. Humphries and defendants made her regular job available to her.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Since Plaintiff was released to return to work and work was available to her on April 20, 1994, she is not entitled to any further temporary total disability benefits. N.C.G.S. § 97-29.
2. Plaintiff was released to return to work on April 20, 1994 at which time her regular job was made available to her. She did not return to work then or at any subsequent time, and thereby Defendants have rebutted Plaintiff's presumption of disability.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for further benefits under the Workers' Compensation Act is hereby DENIED.
2. Each side shall pay its own costs.
 S/ ___________________ WANDA BLANCHE TAYLOR DEPUTY COMMISSIONER
CONCURRING:
S/ ___________________ DIANNE C. SELLERS COMMISSIONER
S/ ___________________ PHILLIP A. HOLMES DEPUTY COMMISSIONER
WBT/cbd